1  Arnold L. Graff (SBN 269170)
   agraff@aldridgepite.com
2  **ALDRIDGE PITE, LLP**
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858) 750-7600  Facsimile:
   (619) 590-1385
5
   Attorneys for
6  HSBC BANK USA, NATIONAL ASSOCIATION,
   AS TRUSTEE FOR STRUCTURED ADJUSTABLE
7  RATE MORTGAGE LOAN TRUST 2004-14

8

9

10              **UNITED STATES BANKRUPTCY COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

12  In re                                    Case No. 2:19-bk-15837-NB

13  MARVIN CHUL HUR,                         Chapter 13

14                                           **OBJECTION TO CONFIRMATION OF**
                                             **CHAPTER 13 PLAN**
15           Debtor.
                                             CONFIRMATION HEARING:
16                                           DATE:        July 18, 2019
                                             TIME:        9:30 AM
17                                           CTRM:        1545

18

19

20

21

22          HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED

23  ADJUSTABLE RATE MORTGAGE LOAN TRUST 2004-14[1] (hereinafter "Creditor"), secured

24  creditor of the above-entitled debtor, Marvin Chul Hur (hereinafter "Debtor"), hereby objects to the

25  Chapter 13 Plan filed by Debtor in the above-referenced matter.

26

27  [1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive
    service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding
28  Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP,
    either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes
    of service under Fed. R. Bankr. P. 7004.

# I.

# **INTRODUCTION**

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan and dismiss the Debtor's case, or alternatively, convert the Debtor's case to one under Chapter 7 of the Bankruptcy Code as it fails to properly provide for Creditor's claim.

# II.

# **STATEMENT OF FACTS**

1.      Creditor's claim is evidenced by a promissory note executed by Debtor, and dated July 9, 2004, in the original principal sum of $492,400.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 2 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2.      The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 410 South Van Ness Avenue, Los Angeles, CA 90020 (the "Subject Property").  *See* CCR #2.

3.      Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. *See* CCR #2.

4.      The terms of the Note and Deed of Trust were subsequently modified by voluntary agreement on or about August 1, 2015. *See* CCR #2.

5.      On May 20, 2019, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, and was assigned case number 2:19-bk-15837-NB. *See* Dckt. 1.

6.      On July 9, 2019, Debtor filed his Chapter 13 Plan (the "Plan") that is apparently entirely blank. The Plan does not provide for monthly payments to the Trustee in any amount or for any duration.  The Plan is also completely silent regarding Creditor's pre-petition arrearage Claim. *See* Dckt. 9.

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

7.    On April 5, 2019, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $612,051.23, with a pre-petition arrearage claim of $35,587.06. *See* CCR #2.

### III.  ARGUMENT

**DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("U.S.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**A.    DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii)

The amount of Creditor's arrearage listed in Debtor's Plan is not correct. The pre-petition Creditor's arrears specified in the Chapter 13 Plan are $0.00, but the actual estimated pre-petition arrears equal $35,587.06. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B.    PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d)

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $593.12 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C.    FEASIBILITY**
11 U.S.C. § 1325(a)(6)

Debtor filed her Schedules I and J, which list a monthly disposable income of $230.00. *See* Dckt. 11.  However, as stated above, Debtor will have to pay a minimum of $593.12 monthly through the Plan just to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months. Accordingly, Debtor lacks sufficient monthly disposable income with which to fund a Plan, and Creditor respectfully requests that the proposed Plan be denied.

WHEREFORE, Creditor respectfully requests:

1.   That confirmation of Debtor's Chapter 13 Plan be denied;

2.   That Debtor's case be dismissed or converted to a Chapter 7;

3.   Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding sixty (60) months; and

4.   For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: <u>July 11, 2019</u>                          ALDRIDGE PITE, LLP


By: ___/s/ Arnold L. Graff_____
       ARNOLD L. GRAFF (SBN 269170)
       Attorneys for HSBC BANK USA, NATIONAL
       ASSOCIATION, AS TRUSTEE FOR
       STRUCTURED ADJUSTABLE RATE
       MORTGAGE LOAN TRUST 2004-14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4375 Jutland Drive, Suite 200  P.O. Box 17933  San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): <u>Objection to Confirmation</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>July 11, 2019</u>            I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Chapter 13 Trustee:** Kathy A Dockery (TR)  EFiling@LATrustee.com
**U.S. Trustee:** ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>July 11, 2019</u>                 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Debtor:**
Marvin Chul Hur
4715 Hayman Avenue
La Canada, CA 91011

**Presiding Judge:**
Honorable Neil W. Bason
Central District of California - Los Angeles Division
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 11, 2019 | CIARA M. REBOYA | /s/ CIARA M. REBOYA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.